(November 23, 1895.)

## COEUR D'ALENE HARDWARE CO. v. CAMERON.

[42 Pac. 509.]

SHERIFF—DOUBLE PERCENTAGE FOR COLLECTING MONEY.—Where a sheriff sold property under an execution and collected his percentage, allowed by law for collecting and paying over money, he cannot, on the redemption of the property, charge such percentage. again.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Charles W. O'Neil, for Appellant.

Nov. 1895.]   Coeur D'Alene etc. Co. *v.* Cameron.   495

Opinion of the Court—Huston, J.

The action of the court below in sustaining the demurrer to the complaint brings up squarely the one question of law involved in this appeal, viz., whether a sheriff is entitled to demand a commission upon the amount of money paid to him upon a redemption from an execution sale, made under the provisions of sections 4491 to 4495, inclusive, of the Revised Statutes of Idaho. We submit that if the sheriff is entitled to such commission, his warrant therefor is not to be found in the statutes of Idaho. (*Rowe v. Kern Co.,* 72 Cal. 353, 14 Pac. 11; *Locke v. Central,* 4 Colo. 65, 34 Am. Rep. 66; *Crofut v. Brandt,* 58 N. Y. 106, 17 Am. Rep. 213; *Andrews v. United States,* 2 Story, 202, Fed. Cas. No. 381; *Kinney v. United States,* 60 Fed. 883.)

W. W. Woods, for Respondent.

The first session of the legislature of the state of Idaho enacted that the sheriff was entitled to receive commissions for receiving and paying over money on execution or other process when land or personal property has been levied upon and sold, on the first $1,000, two per cent; on all sums above that amount, one per cent. (1st Sess. Laws, sec. 2, subd. 2, p. 176.) Process is defined by law technically as something issuing out of a court or from a judge. Legal process is also defined as a process issued by virtue of and pursuant to law. (Anderson's Law Dictionary, 817; *Cooley v. Davis,* 34 Iowa, 130; *People v. Nash,* 1 Idaho, 206; *People v. Nevins,* 2 Hill, 166-169.)

HUSTON, J.—The Tuttle Manufacturing Company, a corporation, recovered judgment against the Custer Mining Company in the district court for Shoshone county. Execution was issued upon said judgment, and certain property of the judgment defendant was sold thereunder. The appellant, as judgment creditor of the aforesaid Custer Mining Company, sought to redeem the property so sold, and in furtherance of that purpose tendered to the sheriff of said Shoshone county, "in lawful money of the United States of America, the sum of $1,440.52," claiming that to be "the full amount then due upon said judgment, together with all the interest and penalties provided by law in such cases to be paid." The sheriff refused to accept

said sum, claiming that under the provisions of subdivision 11 of section 2 of the act of March 13, 1891 (1st Sess. Laws, p. 176), he, as sheriff, was entitled to a commission of one per cent upon the money so paid for redemption from sale. The only question involved in this controversy is, Can a sheriff, after having charged and collected his commission for collecting money upon a judgment through sale, again charge the same commission in case of a redemption against the redemptioner? The eleventh subdivision of section 1 of the act of the first session provides as follows: "For commissions for receiving and paying over money on execution or other process, when land or personal property has been levied on and sold, on the first $1,000 two per cent, on all sums above that amount one per cent." It is conceded that the sheriff had received his one per cent commission upon the sale of the property. It is well-settled law that where, as in this state, the compensation of an officer is fixed by law, no other compensation is chargeable or allowable. There is nothing in the law of the first session providing for commissions to the sheriff in case of redemption. He has as much right to charge fifty per cent commission as one per cent in such a case, as the limitation of his charge is only controlled by the capacity of his gall. The judgment of the district court is reversed.

Morgan, C. J., and Sullivan, J., concur.